## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

```
————————————————————————x
JOHAN SANTIAGO AVILA JIMENEZ ET AL,      :
                                         :
                Plaintiff(s),            :
                                         :
        -against-                        :        25-CV-06346 (CHK)
                                         :
AYAT LLC ET AL,                          :
                                         :
                                         :
                Defendant(s).            :
————————————————————————x
```

## ORDER IN FLSA CASE:
## INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case.  Fed. R. Civ. P. 16, 1.  The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must use the following discovery protocol and comply with the following deadlines and requirements:

1.    Within forty-five (45) days after an Answer is filed, the parties must serve on each other (but not file) the following:

Plaintiff must provide:[1]

(A)    The documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

(B)    A written submission that includes: (1) a description of the period of time Plaintiff worked for Defendant; (2) Plaintiff's job title, description of job duties, and name of immediate supervisor; (3) an accounting of Plaintiff's claims, including dates, regular hours worked, overtime hours worked, pay received versus pay claimed, and tips or other compensation; (4) whether Plaintiff is entitled to a prevailing wage, and if so, the rate; (5) the nature of the claim (*e.g.,* failed to pay any wages,

---

[1] If there is more than one plaintiff or defendant, the singular reference to the Plaintiff or Defendant includes the plural.

failed to pay minimum wage, failed to pay overtime, required off-the-clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours).

(C)    If Plaintiff has brought a collective action, a written description of the class of employees that Plaintiff seeks to include in this action, and a brief description of the commonalities between Plaintiff and the proposed opt-ins.  Plaintiff must also indicate whether an opt-in notice has been filed for every potential opt-in plaintiff who has identified himself or herself as a person who wishes to join this action.

(D)    A written description of all attorneys' fees and costs incurred to date. With respect to attorneys' fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

<u>Defendant must provide</u>:

(A)    The time sheets or other time records and payroll records in Defendant's possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

(B)    Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

(C)    To the extent the personal liability of any individual Defendant is disputed (*e.g.,* Defendant was not an owner or manager), provide documentary evidence to support this position.

(D)    To the extent Defendant contends that its finances should be considered in evaluating its settlement position, Defendant must produce financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

2.    In collective actions, the exchange of documents and information set forth in Paragraph 1 will occur for the named Plaintiff(s) and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within twenty-one (21) days after the opt-in notices are filed with the Court.

3.    After the exchange of the documents and information required in Paragraph 1, counsel for the Plaintiff and Defendant must meet and confer in a good-faith effort to settle all pending issues, including attorneys' fees and

costs.[2]  The parties, including a representative of each corporate party with full authority, must, at a minimum, be available by telephone during the conference to consider and approve any settlement.

4.    Thirty (30) days after the documents and information required in Paragraph 1 are exchanged—and in no event later than six (6) months from the filing of the Complaint—counsel must file a Joint Status Report Regarding Settlement that notifies the Court whether the parties have reached an agreement in principle to settle the case.

(A)  If the parties have reached an agreement, they will be directed to submit a motion for approval of the settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

(B)  If the parties were unable to settle the matter on their own, the parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing.  The parties shall identify in the Joint Status Report the name of the mediator selected by the parties.

5.    Within forty-five (45) days after the Joint Status Report Regarding Settlement required in Paragraph 4, the parties must complete mediation. Within fourteen (14) days following the completion of mediation—and in no event later than eight (8) months from the filing of the Complaint—counsel must file a Joint Status Report Regarding Mediation indicating whether:

(1)  the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for *Cheeks* review and approval; or

(2)  the parties request a settlement conference before Judge Kaminsky (who, on the parties' consent, will have the authority to approve the settlement as fair and reasonable under *Cheeks*, upon the joint submission of a motion for judicial approval that attaches a copy of the final settlement agreement); or

(3)  the parties agree that they have exhausted all early settlement efforts, have held the required Rule 26(f) conference, and are requesting an initial case management conference pursuant to Fed. R. Civ. P. 16(b)(1)(B). If that is the case, the parties should attach a joint proposed Discovery Plan and Scheduling Order using the form provided on the Court's website: https://www.nyed.uscourts.gov/magistrate-judge-clay-h-kaminsky.

---

[2] In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

3

6.      Until the parties have exhausted all early settlement efforts and the Court holds a Rule 16 conference, all discovery is STAYED except as provided in this Order.

7.      In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Proposed Discovery Plan and Scheduling Order lifting the stay on these proceedings.

8.      If the parties settle at any time, including after discovery has commenced, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

9.      Due to the volume of cases brought under the FLSA, the Court expects strict adherence to these deadlines and requirements.  Exceptions will be granted only for compelling reasons.  Failure to comply is a violation of a court order and sanctionable on that basis.

10.     The parties may move to alter this schedule for good cause, only after the parties confer, by joint letter motion.

**SO ORDERED.**

/s/ Clay H. Kaminsky
United States Magistrate Judge

Dated:  Brooklyn, New York
        November 19, 2025

4