**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X

Johan Santiago Avila Jimenez, and Senon Martinez
Montoya, *on behalf of themselves and others similarly*
*situated in the proposed FLSA Collective Action*,

                                        *Plaintiffs*,

                        *against*

Ayat LLC, and Elenani Abdelrahman (a/k/a Abdul
Rahman Elenani) (a/k/a Abdul Elenani),

                                        *Defendants*.

------------------------------------------------------------------ X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**Case No.**
1:25-cv-06346-CHK


**ANSWER**

Defendants Fatta Mano Inc., f/k/a Falahi Farms ("Fatta Mano") and Ayat 36, Inc. ("Ayat 36") jointly s/h/a Ayat LLC (and Defendant Abdelrahman Elenani ("Elenani") s/h/a Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) (collectively, "Defendants"), by and through their counsel, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**, hereby answer the Complaint, upon information and belief, as follows:

### RESPONSE TO THE ALLEGED "NATURE OF THE ACTION"

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth, or lack thereof, of the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants proffer no response to paragraph 6 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny

engaging in unlawful conduct.

7.      Defendants proffer no response to paragraph 7 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging in unlawful conduct warranting any relief for Plaintiffs.

### RESPONSE TO ALLEGATIONS OF "JURISDICTION AND VENUE"

8.      Defendants proffer no response to Paragraph 8 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging conduct such as to warrant the exercise of the Court's jurisdiction.

9.      Defendants proffer no response to Paragraph 9 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging conduct such as to warrant the exercise of the Court's jurisdiction.

10.     Defendants proffer no response to Paragraph 10 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging conduct such as to warrant setting venue within this District.

### RESPONSE TO THE ALLEGED "PARTIES"

**Response to the Allegations Pertaining to "Plaintiff Johan Santiago Avila Jimenez**

11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Plaintiff Johan Santiago Avila Jimenez ("Plaintiff Avila Jimenez") was employed as a server at Ayat 36, located at 274 36th St., Brooklyn, NY 11232.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants proffer no response to Paragraph 13 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

327670115v.3

**Response to the Allegations Pertaining to "Plaintiff Senon Martinez Montoya"**

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants proffer no response to Paragraph 16 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

**Response to the Allegations Pertaining to "Defendant Ayatt LLC"**

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set out in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations set out in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

**Response to the Allegations Pertaining to "Defendant Elenani Abdelrhman (a/k/a Abbul Rahman Elenani) (a/k/a Abdul Elenani)**

23.     Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants proffer no response to Paragraph 24 of the Complaint because it contains only purported statements of law and/or consists of Plaintiffs' characterization of the capacity in which Defendant Elenani is sued in.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set out in Paragraph 25 of the Complaint except admit that Elenani was the owner of Fatta Mano during the time period Plaintiff Martinez Montoya made us of the facilities located at the Fatta Mano site and during the time period that Plaintiff Avila Jimenez was employed by Ayat 36.

3

327670115v.3

26.     Defendants admit the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants proffer no response to Paragraph 27 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

## RESPONSE TO "FACTUAL ALLEGATIONS"

### Response to "Factual Allegations Pertaining Specifically to Plaintiff Johan Santiago Avila Jimenez "

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants admit the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants proffer no response to Paragraph 36 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

### Response to "Factual Allegations Pertaining Specifically to Plaintiff Senon Martinez Montoya"

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

***Response to "Factual Allegations Pertaining Specifically to All Plaintiffs"***

56.     Defendants proffer no response to Paragraph 56 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.[1]

57.     Defendants proffer no response to Paragraph 57 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint as they pertain to all employees.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

---

[1] Defendants note that the Complaint contains Paragraph numbering errors. Specifically, Paragraph 45 is followed by Paragraph 56, and Paragraph 69 is followed by Paragraph 46. Defendants respond to each Paragraph as numbered in the Complaint, and any response to an incorrectly numbered paragraph is intended to address the allegations contained in that paragraph.

327670115v.3

## RESPONSE TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

66.    Defendants proffer no response to Paragraph 66 of the Complaint because it contains only purported statements of law and/or consists of Plaintiffs' characterization of their own Complaint. To the extent any response is required, Defendants deny the allegations set forth therein.

67.    Defendants proffer no response to Paragraph 67 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

68.    Defendants proffer no response to Paragraph 68 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

69.    Defendants proffer no response to Paragraph 69 of the Complaint because it contains only purported statements of law and/or consists of Plaintiffs' characterization of their reservation of rights. To the extent any response is required, Defendants deny the allegations set forth therein.

## RESPONSE TO "FIRST CLAIM"
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 et seq.)

46.    Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to paragraph 46 of the Complaint.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

6

## RESPONSE TO "SECOND CLAIM"
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. § 201 et seq.)

50.     Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to paragraph 50 of the Complaint.

51.     Defendants proffer no response to Paragraph 51 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

52.     Defendants proffer no response to Paragraph 52 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging in any violation of the law.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

## RESPONSE TO "THIRD CLAIM"
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 et seq.)

56.     Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

## RESPONSE TO "FOURTH CLAIM"
### (NYLL – Unpaid Overtime Wages)

60.     Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to paragraph 60 of the Complaint.

61.     Defendants proffer no response to Paragraph 61 of the Complaint because it

7

327670115v.3

contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

62.     Defendants proffer no response to Paragraph 62 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

### RESPONSE TO "FIFTH CLAIM"
### (NYLL WTPA – Failure to Provide Wage Notices)

66.     Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to paragraph 66 of the Complaint.

67.     Defendants proffer no response to Paragraph 67 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny engaging in any violation of the law.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

### RESPONSE TO SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

70.     Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

327670115v.3

## RESPONSE TO "SEVENTH CLAIM"
### (NYLL – Unlawful Deductions from Wages)

73.      Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to Paragraph 73 of the Complaint.

74.      Defendants proffer no response to Paragraph 74 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny the allegations set forth therein.

75.      Defendants proffer no response to Paragraph 75 of the Complaint because it contains only purported statements of law. To the extent any response is required, Defendants deny they engaged in any conduct in violation of the law.

76.      Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.      Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.      Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

## RESPONSE TO "EIGHTH CLAIM"
### (Unlawful Wage Deductions Under FLSA)

79.      Defendants repeat and reallege each all foregoing paragraphs as if fully set out here as their response to Paragraph 79 of the Complaint.

80.      Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.      Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.      Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.      Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.      Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

## RESPONSE TO "NINTH CLAIM"
### (NYLL – Spread-of-Hours Pay)

85.      Defendants repeat and reallege each all foregoing paragraphs as if fully set out here

327670115v.3

as their response to Paragraph 85 of the Complaint.

86.    Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87.    Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.    Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

With respect to the relief requested in Paragraphs "a" through "r" of the "WHEREFORE" paragraph, Defendants deny that any relief is warranted in response to Plaintiffs' request for assorted damages, costs, fees, and other relief, specifically deny that any legally cognizable cause of action exists pursuant to any federal or state laws, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs. Each defense applies to each and every claim and putative class, collective, or representative allegation to the fullest extent applicable. Defendants deny that Plaintiffs, any putative opt-in plaintiffs, or any putative class members are entitled to any relief whatsoever. Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted or for which damages and/or costs can be awarded against Defendants and specifically fails to state any legally cognizable cause of action pursuant to federal, state, or local laws.

## SECOND AFFIRMATIVE DEFENSE

2.    The Complaint fails to state a claim against Defendants upon which attorneys' fees or

10

costs can be awarded.

### THIRD AFFIRMATIVE DEFENSE

**3.**  Plaintiffs' claims are barred, in whole or in part, by lack of personal jurisdiction, improper venue, insufficient process, and/or insufficient service of process to the extent not properly effected or established. Defendant does not waive, and expressly preserves, all defenses available under Rule 12(b).

### FOURTH AFFIRMATIVE DEFENSE

**4.**  All claims are barred, in whole or in part, by the applicable statutes of limitations and repose. To the extent Plaintiffs seek recovery outside the applicable limitations periods, those claims are time-barred.

### FIFTH AFFIRMATIVE DEFENSE

**5.**  Plaintiffs cannot establish that any alleged violation was willful. Any recovery, if any, is limited to the non-willful limitations period, and Plaintiffs are not entitled to any enhanced remedies predicated on willfulness.

### SIXTH AFFIRMATIVE DEFENSE

**6.**  The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs and/or some or all putative class or collective members were at all relevant times exempt from coverage under one or more exemptions to overtime and/or minimum wage requirements under Section 13 of the FLSA and any analogous state statutes. Defendant reserves the right to identify each specific exemption applicable to each individual as discovery progresses.

### SEVENTH AFFIRMATIVE DEFENSE

**7.**  Defendant fully complied, at all material times, with the FLSA and any applicable state or local wage-and-hour law, including proper payment of minimum wages, overtime

327670115v.3

compensation, and timely payment of wages.

<b><u>EIGHTH AFFIRMATIVE DEFENSE</u></b>

**8.**   Plaintiffs' claims for back wages are barred, in whole or in part, by Defendant's good-faith reliance upon, and conformity with, written administrative regulations, orders, rulings, approvals, interpretations, and/or opinion letters of the U.S. Department of Labor's Wage and Hour Division.

<b><u>NINTH AFFIRMATIVE DEFENSE</u></b>

**9.**   Any claim for liquidated damages is barred, in whole or in part, because Defendant acted in subjective good faith and had objectively reasonable grounds for believing its conduct complied with the FLSA and any applicable state wage-and-hour law. At a minimum, any liquidated damages must be reduced or denied.

<b><u>TENTH AFFIRMATIVE DEFENSE</u></b>

**10.** Any alleged uncompensated time that is preliminary or postliminary to the principal activities of employment is non-compensable, including, without limitation, time spent on activities excluded by statute, regulation, or controlling case law.

<b><u>ELEVENTH AFFIRMATIVE DEFENSE</u></b>

**11.** Any alleged uncompensated time is de minimis and therefore non-compensable.

<b><u>TWELTH AFFIRMATIVE DEFENSE</u></b>

**12.** To the extent any overtime is owed, the regular rate must exclude all payments properly excludable by statute or regulation, including but not limited to discretionary bonuses, true reimbursements, gifts, certain fringe benefits, premium payments creditable toward overtime, and other excludable remuneration. Any overtime due, if any, must be recalculated consistent with the FLSA's and/or NYLL's regular-rate rules.

12

## THIRTEENTH AFFIRMATIVE DEFENSE

**13.** To the extent any overtime wages are owed for salaried non-exempt employees whose salaries compensated them for all hours worked in a workweek, overtime, if any, is limited to an additional one-half the regular rate for hours over forty, and/or the fluctuating workweek method applies where its predicates are met.

## FOURTEENTH AFFIRMATIVE DEFENSE

**14.** Plaintiffs' damages, if any, are barred or reduced by setoff, offset, or recoupment for sums already paid or credited to Plaintiffs or putative class members to which they were not otherwise entitled or that must be credited against any wage liability, including but not limited to wage overpayments or compensation for non-work time. No setoff is sought as to any amounts that may not lawfully offset minimum wage or overtime obligations.

## FIFTEENTH AFFIRMATIVE DEFENSE

**15.** Plaintiffs and/or some putative members lack Article III and/or other statutory standing, and some or all claims are barred by mootness and/or lack of ripeness to the extent there is no live case or controversy or no injury-in-fact.

## SIXTEENTH AFFIRMATIVE DEFENSE

**16.** Certification of any class or collective is improper because common issues do not predominate; the claims require highly individualized factual and damages determinations; Plaintiffs are not similarly situated to putative opt-ins; and statutory class action requirements are not satisfied. Collective or class treatment would be unmanageable and inappropriate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**17.** Defendant lacked actual or constructive knowledge of any uncompensated hours worked by Plaintiffs or putative members; no work was suffered or permitted for which payment

13

was not made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**18.** This Court lacks specific personal jurisdiction over claims of out-of-state opt-in plaintiffs whose claims do not arise out of or relate to Defendant's contacts with the forum. Nationwide collective proceedings are improper to the extent personal jurisdiction is lacking over nonresident plaintiffs' claims.

## NINETEENTH AFFIRMATIVE DEFENSE

**19.** To the extent state-law wage claims are asserted, there existed a good-faith dispute and/or a reasonable, good-faith basis for Defendant's pay practices such that penalties, waiting time penalties, liquidated damages, or other enhanced remedies are not recoverable.

## TWENTEITH AFFIRMATIVE DEFENSE

**20.** Claims for equitable relief are barred by unclean hands, laches, estoppel, waiver, ratification, and other equitable doctrines.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**21.** Any recovery must be limited to prevent double counting or double recovery; must be allocated by workweek; and must account for all credits, exclusions, and lawful offsets. Plaintiffs are not entitled to both liquidated damages and prejudgment interest for the same sums under duplicative theories where prohibited

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**22.** Any request for tolling, relation back, or extension of limitations periods is improper; equitable tolling does not apply because Plaintiffs failed to pursue their rights diligently and no extraordinary circumstances prevented timely filing.

327670115v.3

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**23.** Plaintiffs lack standing or are otherwise inadequate to represent absent individuals; no valid consents to join have been filed for any purported opt-ins whose claims are time-barred or jurisdictionally defective

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**24.** To the extent state-law claims are asserted, Defendant invokes all applicable safe harbors, good-faith defenses, and statutory defenses under state wage-and-hour laws, including any counterparts to 29 U.S.C. §§ 259 and 260 and state-law regular-rate exclusions

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**25.** Defendants made complete and timely payment of all wages due pursuant to the FLSA and NYLL to Plaintiffs

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**26.** Some or all of the plaintiffs or putative plaintiffs were not employees of the Defendants.

## RESERVATION OF RIGHT TO AMEND ANSWER

Ayat hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves its right to amend its Answer to assert such defenses.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants respectfully request that the Court dismiss the Complaint with prejudice; deny certification of any class, collective, or representative action; enter judgment in Defendants' favor on all claims; award Defendant its costs and reasonable attorneys' fees as permitted by law; and grant such other and further relief s the Court deems just and proper.

**WHEREFORE**, Ayat demands judgment against Complainant by dismissing the

complaint in its entirety.

Dated:    New York, New York
          January 26, 2026

                              Respectfully submitted,
                              **WILSON, ELSER, MOSKOWITZ,**
                              **EDELMAN & DICKER LLP**

                              By:
                              Celena R. Mayo
                              Attorneys for Defendants
                              150 East 42nd Street
                              New York, New York 10017
                              Tel.: (212) 490-3000
                              Fax: (212) 490-3038
                              Our File No.: 22643.00026
                              Celena.Mayo@wilsonelser.com


TO:    Joshua Levin-Epstein
       Jason Mizrahi
       Levin-Epstein & Associates, P.C.
       420 Lexington Avenue, Suite 2458
       New York, NY 10170
       Tel. No.: (212) 792-0046
       Email: Joshua@levinepstein.com
       *Attorneys for the Plaintiffs and proposed FLSA*
       *Collection Action Plaintiffs*