

**Celena Mayo**
212.915.5854 (direct)
Celena.mayo@wilsonelser.com

January 28, 2026

<u>**VIA ECF**</u>
Hon. Clay H. Kaminsky, USMJ
US District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

|    | Re: | **Avila Jimenez et al** | v. | **Ayat LLC et al** |
|---|---|---|---|---|
|    | <u>EDNY Case No.</u> | : | <u>1:25-cv-06346-CHK</u> | |
|    | <u>Our File No.</u> | : | <u>26455.00063</u> | |

Dear Judge Kaminsky:

We represent defendants Fatta Mano Inc., f/k/a Falahi Farms and Ayat 36, Inc. jointly **<u>s/h/a</u> Ayat LLC** and defendant Abdelrahman Elenani s/h/a Elenani Abdelrahman in connection with the above-referenced matter. We respectfully submit this letter in opposition to plaintiffs' January 27, 2026, motion to compel [Dkt. No. 16], seeking an order directing defendants to file a "compliant" corporate disclosure statement. Plaintiffs' motion is without merit and should be denied. Defendants have fully complied with Federal Rule of Civil Procedure 7.1 ("Rule 7.1"), and plaintiffs' allegations of pre-suit delay and bad faith do not even merit a response.

Defendants' Rule 7.1 Corporate Disclosure Statement filed on January 26, 2026 [Dkt. No. 15] accurately identifies the corporate entities in this matter, i.e., Fatta Mano Inc., f/k/a Falahi Farms (the entity where, upon information and belief, plaintiff Martinez Montoya provided services), and Ayat 36, Inc. (plaintiff Avila Jimenez's employer) jointly sued herein as Ayat LLC. "Ayat LLC" does not exist as a legal entity. Defendants cannot file a corporate disclosure statement for a nonexistent entity. Moreover, defendants' 7.1 Statement accurately certifies that "there are no corporate parents, affiliates and/or subsidiaries of the defendants Fatta Mano Inc., f/k/a Falahi Farms and Ayat 36, Inc. **jointly <u>s/h/a</u>** Ayat LLC which are publicly held." (Emphasis added). This statement fulfills the purpose of Rule 7.1, and the Corporate Disclosure Statement in no way impedes on the Court's ability to assess potential conflicts.

Accordingly, defendants respectfully submit that plaintiffs' motion to compel should be denied.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Celena R. Mayo*
Celena R. Mayo

328968458v.1