**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
Johan Santiago Avila Jimenez, and Senon Martinez Montoya, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action and in the proposed Class,*

                                     *Plaintiffs,*

              *-against-*

Ayat LLC, Fatta Mano Inc., Ayat 36, Inc., and Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani),

                                    *Defendants*.
-----------------------------------------------------------------------X

Case No.:

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

       Plaintiffs Johan Santiago Avila Jimenez ("Avila Jimenez") and Senon Martinez Montoya ("Montoya"), on behalf of themselves and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Ayat LLC, Fatta Mano Inc., Ayat 36, Inc., (collectively, the "Corporate Defendants"), and Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) (the "Individual Defendant", and collectively, the "Defendants"), and states as follows:

**NATURE OF THE ACTION**

1.    Plaintiffs bring this action to redress Defendants' prolonged pattern of delay, misrepresentation, and bad faith in the course of attempted pre-litigation resolution. For several months, Defendants repeatedly represented that they intended to engage in a private mediation process to resolve the dispute between the parties.

2.    In reliance on those representations, Plaintiffs refrained from commencing litigation and cooperated fully in efforts to schedule and prepare for mediation. Plaintiffs acted at

all times in good faith and with the reasonable expectation that Defendants would do the same.

3.    Throughout this period, however, Defendants failed to produce a single record, document, or item of information necessary for Plaintiffs to meaningfully participate in mediation or evaluate the merits of Defendants' position. Despite repeated requests, Defendants withheld all responsive materials and offered only assurances that production would be forthcoming.

4.    Ultimately, after months of delay and repeated promises, Defendants abruptly withdrew from the proposed mediation process without explanation or justification. Their conduct has caused Plaintiffs unnecessary expense, wasted time, and prejudice, and has made clear that Defendants never intended to engage in good faith resolution of this matter.

5.    Accordingly, Plaintiffs are compelled to commence this action to obtain the relief to which they are entitled, and to ensure that Defendants are held accountable for their failure to participate honestly and transparently in the pre-litigation process.

6.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

7.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid overtime wages liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

9.    This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JOHAN SANTIAGO AVILA JIMENEZ**

11.     Plaintiff  Avila Jimenez was employed as a server at Defendants' restaurants known as "Ayat" located at: (i) 274 36th Street Brooklyn, NY 11232 ("Ayat – Industry City"), and; (ii) 1616 Cortelyou Road, Brooklyn, NY 11226 ("Ayat – Ditmas Park", and together, "Defendants' Restaurants").

12.     Plaintiff Avila Jimenez was employed as a non-managerial employee at Defendants' Restaurants from on or around September 2024 to, through and including, January 2025.

13.     At all relevant times, Plaintiff Avila Jimenez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF SENON MARTINEZ MONTOYA**

14.     Plaintiff Montoya was employed as a prep cook at Ayat – Industry City.

15.     Plaintiff Montoya was employed as a non-managerial employee at Ayat – Industry City from on or around March 2020 to, through and including, July 7, 2024.

16.     At all relevant times, Plaintiff  Montoya has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT AYAT LLC**

17.     Upon information and belief, Defendant Ayat LLC is a domestic limited liability

company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: 274 36th Street Brooklyn, NY 11232, and alternate addresses at: (ii) 107 Loisaida Ave., New York, NY 10009; (iii) 242 Knickerbocker Ave., Brooklyn, NY 11237; (iv) 1616 Cortelyou Rd., Brooklyn, NY 11226; (v) 8504 3rd Ave., Brooklyn, NY 11209; (vi) 2018 Hylan Blvd., Staten Island, NY 10306; (vii) 15 Spring St., Princeton, NJ 08542; (viii) 1243 W Tilghman Street, Allentown, PA 18102l (ix) 1725 2nd Ave., New York, NY 10128; and (x) 151 Atlantic Ave., Brooklyn, NY 11201; and (xi) 190 W. Main St, Somerville, NJ 08876.

18.	At all times relevant to this Complaint, Defendant Ayat LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19.	At all times relevant to this Complaint, Defendant Ayat LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

20.	At all times relevant to this Complaint, Defendant Ayat LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

21.	Defendant Ayat LLC possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

4

22.     Defendant Ayat LLC had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT FATTA MANO INC.**

23.     Upon information and belief, Defendant Fatta Mano Inc. is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: 274 36th Street Brooklyn, NY 11232, and alternate addresses at: (ii) 107 Loisaida Ave., New York, NY 10009; (iii) 242 Knickerbocker Ave., Brooklyn, NY 11237; (iv) 1616 Cortelyou Rd., Brooklyn, NY 11226; (v) 8504 3rd Ave., Brooklyn, NY 11209; (vi) 2018 Hylan Blvd., Staten Island, NY 10306; (vii) 15 Spring St., Princeton, NJ 08542; (viii) 1243 W Tilghman Street, Allentown, PA 18102l (ix) 1725 2nd Ave., New York, NY 10128; and (x) 151 Atlantic Ave., Brooklyn, NY 11201; and (xi) 190 W. Main St, Somerville, NJ 08876.

24.     At all times relevant to this Complaint, Defendant Fatta Mano Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

25.     At all times relevant to this Complaint, Defendant Fatta Mano Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

26.     At all times relevant to this Complaint, Defendant Fatta Mano Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

5

employed employees, including Plaintiffs.

27.     Defendant Fatta Mano Inc. possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendant Fatta Mano Inc. had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT AYAT 36, INC.**

29.     Upon information and belief, Defendant Ayat 36, Inc. is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: 274 36th Street Brooklyn, NY 11232, and alternate addresses at: (ii) 107 Loisaida Ave., New York, NY 10009; (iii) 242 Knickerbocker Ave., Brooklyn, NY 11237; (iv) 1616 Cortelyou Rd., Brooklyn, NY 11226; (v) 8504 3rd Ave., Brooklyn, NY 11209; (vi) 2018 Hylan Blvd., Staten Island, NY 10306; (vii) 15 Spring St., Princeton, NJ 08542; (viii) 1243 W Tilghman Street, Allentown, PA 18102l (ix) 1725 2nd Ave., New York, NY 10128; and (x) 151 Atlantic Ave., Brooklyn, NY 11201; and (xi) 190 W. Main St, Somerville, NJ 08876.

30.     At all times relevant to this Complaint, Defendant Ayat 36, Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

31.     At all times relevant to this Complaint, Defendant Ayat 36, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

32.     At all times relevant to this Complaint, Defendant Ayat 36, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

33.     Defendant Ayat 36, Inc. possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.     Defendant Ayat 36, Inc. had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT ELENANI ABDELRAHMAN (A/K/A ABDUL RAHMAN ELENANI) (A/K/A ABDUL ELENANI)**

35.     Defendant Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

36.     Defendant Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

37.     Defendant Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) possesses or possessed operational control over the Corporate Defendants or controlled significant functions of the Corporate Defendants.

38. Defendant Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

39. At all times relevant to this Complaint, Defendant Elenani Abdelrahman (a/k/a Abdul Rahman Elenani) (a/k/a Abdul Elenani) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Plaintiff Johan Santiago Avila Jimenez*

40. Plaintiffs Avila Jimenez  was a server at Defendants' restaurants.

41. From approximately September 2024 to, through and including, January 2025, Plaintiff Avila Jimenez worked at Ayat – Industry City: six (6) days per week: from 10:30 a.m. to 8:00 p.m. or 9:00 a.m. (*i.e.*, 9.5 to 10.5 hours per day), for a total period of approximately 57 to 63 hours during each of the weeks, respectively.

42. During this period, Plaintiff Avila Jimenez was intermittently required to work at Ayat – Ditmas Park.

43. For example, Plaintiff Avila Jimenez worked at Ayat – Ditmas Park on January 12, 2025.

44. From approximately September 2024 to, through and including, January 2025, Plaintiff Avila Jimenez was  paid an hourly wage of $10 for all hours worked.

45. At all relevant times hereto, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Avila Jimenez's, all other similarly situated individuals', tipped wages.

46.     Specifically, Defendants required Plaintiff Avila Jimenez, and all similarly situated individuals, to pool their tips pursuant to a mandated tip sharing scheme.

47.     Defendants unlawfully withheld 100% of Plaintiff Avila Jimenez's credit card tips, and all similarly situated individuals' tips, and distributed them to Defendants' managers, including, *inter alia*, the Individual Defendant.

48.     As the non-tipped individuals, Defendants' managers, including, *inter alia*, the Individual Defendant, should not have taken a share of Plaintiff Avila Jimenez's, and all similarly situated individuals' tips.

49.     The employer-mandated tip sharing scheme imposed on Plaintiff Avila Jimenez and other tipped employees is not customary.

50.     The employer-mandated tip sharing imposed on Plaintiff Avila Jimenez was not reasonable.

51.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff Avila Jimenez or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

52.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

***Factual Allegations Pertaining Specifically to Plaintiff Senon Martinez Montoya***

53.     Plaintiffs Montoya  was a prep cook at Ayat – Industry City.

54.     From approximately March 2020 to, through and including, March 2021, Plaintiff Montoya worked at Ayat – Industry City: three (3) days per week: from 2:00 p.m. to 8:00 p.m. or 9:00 a.m. (*i.e.*, 6 or 7 hours per day), for a total period of approximately 18 to 21 hours during each of the weeks, respectively.

55.     From approximately April 2021 to, through and including, July 7, 2024, Plaintiff Montoya worked at Ayat – Industry City: six (6) days per week: from 9:00 a.m. to 8:00 p.m. (*i.e.*, 11 hours per day), for a total period of approximately 72 hours during each of the weeks, respectively.

56.     From approximately March 2020 to, through and including, March 2021, Plaintiff Montoya was  paid an hourly wage of $12 for all hours worked.

57.     From approximately April 2021 to, through and including, July 7, 2024, Plaintiff Montoya was  paid an hourly wage of $16 for all hours worked.

### *Factual Allegations Pertaining to All Plaintiffs*

56.     Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

57.     Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

58.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked more than forty per workweek.

59.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

60.     Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign-in sheets or punch cards, that

accurately reflected their actual hours worked.

61.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages required under the FLSA or NYLL.

62.    Defendants did not provide Plaintiffs with a statement of wages, as required by NYLL 195(3).

63.    Defendants did not give any notice to Plaintiff of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

64.    Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

65.    Moreover, Defendants' breach of these obligations injured Plaintiffs by denying Plaintiff the right to know the conditions of their compensation, resulting in the underpayment of wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

66.    Plaintiffs brings the First, Second, and Eighth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers and prep cooks) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

67.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally

11

required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

68.    The First, Second, and Eighth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to the Defendants.

69.    Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## RULE 23 CLASS ACTION ALLEGATIONS

58.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh and Ninth Claims for Relief as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Fed.R.Civ.P."), on behalf of all non-exempt servers, prep cooks, and general workers employed by Defendants on or after the date that is six years before filing of the initial Complaint in this case, as defined herein (the "Class").

59.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

60.    Upon information and belief, the size of the Class is at least 50 individuals.

61.    Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect

to the Class as a whole.

62.     The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether Defendants employed Plaintiffs and the Class Members under the NYLL;

(b) whether Defendants violated Articles 6 and 19 of the NYLL and supporting NYDOL Regulations;

(c) whether Defendants refused to pay Plaintiffs and the Class members minimum wages for all hours worked;

(d) whether Defendants requiring Plaintiffs and the Class members to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade";

(e)  whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiffs and the Class

(f) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members, and other records required by the NYLL;

(g) whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(h) whether Defendants' policy of failing to pay workers in accordance with New York law was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those

13

injuries.

63.     Plaintiffs' claims are typical of the claims of the Class.

64.     Plaintiffs and the members of the Class work or have worked for Defendants and have been subjected to their policy and pattern or practice of misclassifying them as independent contractors, failing to pay lawful wages, requiring them to pay, without reimbursement, the costs and expenses for purchasing "tools of the trade", making unlawful deductions to their pay, and failing to keep adequate records.

65.     Plaintiffs and the Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked.

66.     Plaintiffs and the members of the Class all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

67.     Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

68.     Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

69.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.

70.     Plaintiffs understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.

71.     Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.

72.     Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor they own interests over those of the Class.

73.    Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

74.    Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

75.    Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

76.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

77.    The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

78.    Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

79.    In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### FIRST CLAIM
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

80.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

81.    Defendants willfully and intentionally failed to compensate the Plaintiff with the

applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

82.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

83.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

84.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

85.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

86.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

87.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

88.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

89.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages,

liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

90.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

91.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq.*

92.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

93.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and the Class, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

94.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

95.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

96.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the

minimum wage, for all hours they worked in excess of forty.

97.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

98.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

99.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and the Class, are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

100.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

101.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

102.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

103.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs, on behalf of

themselves and the Class,  are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

104.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

106.    As a result of Defendant's violation of the WTPA, Plaintiffs, on behalf of themselves and the Class, are entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

107.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

108.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

109.    NYLL § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

110.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

111.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

112.    Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and the Class, have suffered damages in an amount to be determined at trial, are entitled to recover from Defendants, jointly and severally, such amounts, liquidated damages, prejudgment and post judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

**EIGHTH CLAIM**
**(Unlawful Wage Deductions Under the FLSA)**

113.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

114.    Defendants have made unlawful deductions and required kickbacks from Plaintiffs' wages, including but not limited to, deductions from Plaintiffs' tips that were received from customers.

115.    The deductions made from Plaintiffs' wages have not been authorized or required by law.

116.    The deductions made from Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs, and have not been for Plaintiffs' benefit.

117.    Through their knowing or intentional efforts to permit unauthorized deductions from Plaintiffs' wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

118.    Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants the amounts

20

of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## NINTH CLAIM
### (NYLL – Spread-of-Hours Pay)

119.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

120.    Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

121.    By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

122.    Due to Defendants' willful violations of the NYLL, Plaintiffs, on behalf of themselves and the Class, are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class, respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees.

    b.    certification of this case as a collective action pursuant to the FLSA;

    c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.     certification of the state law claims in this action as a class action pursuant to Fed.R.Civ.P. 23;

e.     designation of Plaintiffs as class representatives;

f.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

g.     declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

h.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

i.     declaring that Defendants violated the spread-of-hours provisions of the NYLL and the NYDOL regulations;

j.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

k.     declaring that Defendants violated the tip theft provisions of the NYLL and the NYDOL regulations;

l.     awarding Plaintiffs unpaid minimum wages;

m.     awarding Plaintiffs unpaid overtime wages;

n.     awarding Plaintiffs unpaid spread-of-hours;

o.     awarding Plaintiff Avila Jiminez his unpaid tips;

p.     awarding unpaid wages under New York State law for failure to pay timely wages;

q.     awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

r.     awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

22

s.      awarding Plaintiffs pre- and post-judgment interest under the NYLL;

t.      awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

u.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 3, 2026

                                        Respectfully submitted,

                                        By:  /s/ Jason Mizrahi
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             420 Lexington Avenue, Suite 2458
                                             New York, NY 10170
                                             Tel. No.: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs, and the proposed Class*